# EXHIBIT 1

1  | **JEFFERY R. MENARD, SBN 248508**
2  | 325 7th Ave.
3  | STE 1706
   | San Diego, CA 92101
4  | Telephone: (858) 869-9529
   | Fax: (858) 605-6170
5  | Jmenard22@gmail.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/25/2016** at 08:00:00 AM
Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

6
7  | Attorney for Plaintiff, ADRIANA JONES

8
9  |              **SUPERIOR COURT OF CALIFORNIA**

10 |                **COUNTY OF SAN DIEGO**

11 | ADRIANA JONES                        )  Case No.: 37-2016-00013421-CU-NP-CTL
12 |            PLAINTIFF,                )
13 | v.                                   )
   |                                      )  **COMPLAINT FOR VIOLATIONS**
14 | BARCLAYS BANK DELAWARE               )  **OF THE ROSENTHAL FAIR DEBT**
15 | (DBA BARCLAYCARD) and DOES 1         )  **COLLECTION PRACTICES ACT**
   | through 100                          )  **(CCC SECTION 1788-1788.32);**
16 |            DEFENDANTS.               )  **INTRSION; AND ELDER ABUSE**
17 |                                      )  **(CALIFORNIA WELFARE AND**
18 |                                      )  **INSTITUTIONS CODE SECTION**
   |                                      )  **15610.53)**
19 |                                      )
20 |                                      )
   |                                      )      **Demand for Jury Trial**
21 |                                      )
22 | _____
23
   |        COMES NOW PLAINTIFF who seeks damages against the
24
25 | DEFENDANTS, and each of them as follows:
26
27
28
   |                        Jones v. Barclays

                              1

# I.  **INTRODUCTION**

1.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2.  ADRIANA JONES, individually, (hereinafter "PLAINTIFF"), by PLAINTIFF's attorneys, brings this action to challenge the actions of BARCLAYS BANK DELAWARE (DBA BARCLAYCARD) (hereinafter "BPLC"), a business entity form unknown and Does 1 through 100, together will be referred to as ("DEFENDANTS"), with regard to attempts by DEFENDANTS, a debt collector, to unlawfully and abusively collect a debt allegedly owed by PLAINTIFF, and this conduct caused PLAINTIFF damages.

3.    For the purposes of this Complaint for Damages, unless otherwise indicated, "DEFENDANTS" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, managing agents and insurers of Defendant(s) named in this caption.

4.    Venue is proper as a substantial amount of the violations occurred in the County of San Diego.

## II.    PARTIES

5.    PLAINTIFF is a natural person and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    PLAINTIFF is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from PLAINTIFF and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

7.    PLAINTIFF is informed and believes that Defendant BPLC, a business entity form unknown, is a company operating and licensed to do business in San Diego County.

8.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS are entities that use instrumentalities of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

9.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

10.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

### III.    FACTUAL ALLEGATIONS

11.   PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.   PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant DEFENDANTS conducted business in the State of California.

13.   PLAINTIFF resides in the County of San Diego.

14.   Previously, PLAINTIFF allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by  15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).  Namely, the PLAINTIFF allegedly incurred a debt with BPLC, for an amount that is unknown at this time, which was allegedly used by PLAINTIFF to make a timeshare purchase.

15.   In May of 2014 PLAINTIFF received a call from Leisure Getaways Incorporated (hereinafter "LGI") to attend an event put on by LGI.

16.   LGI lured PLAINTIFF in by telling PLAINTIFF on the telephone that LGI was going to improve her current Worldmark by Wyndham timeshare.  It appears that LGI is not affiliated with Worldmark by Wyndham nor does PLAINTIFF know how LGI was aware that PLAINTIFF had a timeshare with Worldmark by Wyndam.  This later proved to be an untrue statement

as LGI did not offer to improve PLAINTIFF's Worldmark by Wyndham timeshare in any manner but rather, LGI only had the intention of selling PLAINTIFF an additional timeshare.  PLAINTIFF did not want, need or could afford another timeshare.  LGI misrepresented their intentions from the very first communication.

17.  PLAINTIFF attended the event only to encounter Denise Armstrong who at the time was a salesperson for LGI.

18.  PLAINTIFF expressed to Denise Armstrong her dissatisfaction with her current Worldmark by Wyndham timeshare.

19.  Denise Armstrong took advantage of this information and used is to sell PLAINTIFF a different timeshare.

20.  Denise Armstrong took advantage of PLAINTIFF who is an elderly woman and very vulnerable by telling PLAINTIFF that LGI would take over her current Worldmark by Wyndham timeshare if she purchased a timeshare at The Retreat by Foxborough.  Denise Armstrong never had any intention of taking over PLAINTIFF's Worldmark by Wyndham's timeshare but rather misrepresented this fact to PLAINTIFF to entice her into entering into the transaction with LGI through Denise Armstrong. LGI telling the PLAINTIFF what she wanted to hear was one of the many high pressure sales tactics used by LGI to defraud the PLAINTIFF.

21.    PLAINTIFF was interested in this deal because the timeshare that Denise Armstrong was selling was represented to have a lower monthly maintenance fee and more reward points. As it turns out, the timeshare that Denise Armstrong was selling did not have lower maintenance fees. This is yet another example of one of the many misrepresentations LGI made to PLAINTIFF.

22.    PLAINTIFF excused herself to think about this decision and went to the restroom to ponder her prospective decision. Denise Armstrong then would not allow her mark and her commission escape. Denise Armstrong followed PLAINTIFF to the restroom and cornered her and began to implement more of her high pressure sales tactics. Denise Armstrong then brought PLAINTIFF out of the restroom without allowing her time to properly reflect on this decision and introduced her to Benjamin Rose who identified himself as Denise Armstrong's manager. Then both Denise Armstrong and Benjamin Rose began to double team PLAINTIFF by escalating their high pressure sales tactics in order to intimidate and pressure PLAINTIFF into purchasing their timeshare.

23.    PLAINTIFF felt scared and intimidated and felt that she had no other choice but to purchase the timeshare.

24.   PLAINTIFF was then brought to an area where all the paperwork would be signed.  PLAINTIFF expressed doubts about purchasing the timeshare however, both Denise Armstrong and Benjamin Rose got upset at PLAINTIFF and frightened her.  Fearfully, she authorized them to run her credit and she signed the necessary paperwork but only after both Denise Armstrong and Benjamin Rose assured her that she could cancel anytime.  This of course was a lie.  The ability to cancel anytime was yet another misrepresentation LGI used to coerce PLAINTIFF into entering into this agreement.

25.   PLAINTIFF whose first language is Spanish asked for a Spanish translator to help her understand the dense legal paperwork but her request was denied.

26.   PLAINTIFF then once again asked for confirmation that LGI was transferring her Worldmark by Wyndham timeshare to LGI so PLAINTIFF would no longer be liable for the monthly maintenance fees and would receive a credit towards the timeshare that Denise Armstrong and Benjamin Rose is selling her.  Both Benjamin Rose and Denise Armstrong reaffirmed PLAINTIFF that her Worldmark by Wyndham timeshare was going to be taken care of.  This of course was a lie and yet another misrepresentation that LGI made towards PLAINTIFF.

Jones v. Barclays

8

27. Two weeks later on June 9, 2014, PLAINTIFF faxed over a cancellation letter to LGI only to find out that she was unable to cancel her timeshare and is now liable for another timeshare she has never used and never plans on using.

28. The following month, July 2014, PLAINTIFF became aware that the Worldmark by Wyndam timeshare was never transferred to LGI and PLAITIFF realized that Denise Armstrong and Benjamin Rose were simply lying to her.

29. In July of 2014 PLAINTIFF also realized that Denise Armstrong and Benjamin Rose signed PLAINTIFF up with a Barclays credit card whereas she had roughly a $10,000 debt.  This was of course never disclosed to PLAINTIFF at the time of the sale.  PLAINTIFF was told by Denise Armstrong and Benjamin Rose that the Worldmark by Wyndham credit PLAINTIFF would get would be credited towards the timeshare LGI sold her and nothing would be owed.  This of course was not true and yet another misrepresentation that LGI made.  PLAINTIFF was unaware that the paperwork she signed was an application for credit as Denise Armstrong and Benjamin Rose did not disclose this to her nor would they permit a Spanish speaking translator to help her understand all the paperwork she was signing.

30. For the next year and a half, PLAINTIFF made all payments, both timeshare and the Barclays credit card, in order to preserve her credit.

31. PLAINTIFF send Barclays a letter notifying them of the fraud that occurred yet Barclays denied her fraud claim and continued to collect on this debt and did not return any of the money PLAINTIFF paid to BPLC.

32. PLAINTIFF later was then unable to make the monthly payments on her BPLC credit card and defaulted on the payments.

33. BPLC then began telephoning PLAINTIFF at her residence.

34. PLAINTIFF told BPLC a number of times that this debt was a fraud and she was not going to make any more payments and PLAINTIFF repeatedly asked BPLC to stop calling her.  Nevertheless, BPLC continued to call and harass her as BPLC was aware she was an elder and very vulnerable to their debt collection practices.

35. The stress the PLAINTIFF has received from these harassing phone calls has cause her to lose sleep, to cry, to become sad at her financial situation, embarrassment, anxiety  and it caused stress in her relationships with her family.

36. Prior to filing this action, PLAINTIFF filed an action against LGI in the same Court as case # 37-2016-00009532-CU-FR-CTL

37. These collection communications on these occasions to PLAINTIFFs were false, deceptive, harassing, oppressive, and abusive communications by these DEFENDANTS in violation of numerous and multiple provisions of the RFDCPA.

38. The acts and omissions of the individual DEFENDANTS, and the other debt collectors employed as agents by DEFENDANTS who communicated with PLAINTIFF as described herein, were committed within the time and space limits of their agency relationship with their principal, DEFENDANTS.

39. The acts and omissions by the individual DEFENDANTS and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by DEFENDANTS in collecting consumer debts.

40. By committing these acts and omissions against PLAINTIFF, the individual DEFENDANTS and these other debt collectors were motivated to benefit their principal, DEFENDANTS.

41. DEFENDANTS are therefore liable to PLAINTIFF through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the RFDCPA and Intrusion in their attempts to collect this debt from PLAINTIFF.

42.  DEFENDANTS acted maliciously by repeatedly calling and harassing the PLAINTIFF, demanding payment of the debt owed knowing that the PLAINTIFF did not have the means to do so.  DEFENDANTS used abusive and aggressive tactics to try to collect this alleged debt.  This conduct was intended by the DEFENDANTS to cause injury to the PLAINTIFF, and it did cause injury to the PLAINTIFF.  DEFENDANTS conduct was also despicable conduct which was carried on by the DEFENDANTS with a willful and conscious disregard of the rights of the PLAINTIFF.

43.  DEFENDANTS conduct was also oppressive.  The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct that subjected the PLAINTIFF to cruel and unjust hardship in conscious disregard of the PLAINTIFFs rights.

44.  In committing the acts alleged herein, DEFENDANTS,  have acted maliciously and oppressively.  Each of these acts has been ratified and adopted by DEFENDANTS' officers, director and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to

be determined at the time of trial, sufficient to deter DEFENDANTS from engaging in the same conduct in the future.

45. PLAINTIFFs have suffered actual damages as a result of these illegal collection communications by these DEFENDANTS in the form of anger, anxiety, deterioration of relationships with family members, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the PLAINTIFF's home.

## IV.    **FIRST CAUSE OF ACTION**

**(Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32)**

46. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

48. BPLC violated the RFDCPA by telephone PLAINTIFF after she specifically requested that BPLC not call her again and by calling her after BPLC was notified that this was a fraudulent account.

49.   As a result of DEFENDANT's violations of the RFDCPA, PLAINTIFF is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## V.   **SECOND CAUSE OF ACTION**

### (INTRUSION)

50.   PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

52.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of

Jones v. Barclays

14

consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

53.    DEFENDANTS and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of PLAINTIFF, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded PLAINTIFF' privacy.

54.    DEFENDANTS also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the PLAINTIFF, namely, by repeatedly and unlawfully calling PLAINTIFF after she notified BPLC that this account was fraudulent and she requested BPLC to stop calling her, and thereby invaded PLAINTIFF' right to financial privacy.

55.   DEFENDANTS and their agents intentionally and/or negligently caused emotional harm to PLAINTIFF by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon PLAINTIFF' rights to privacy.

56.   PLAINTIFF had a reasonable expectation of privacy in PLAINTIFF' solitude, seclusion, private concerns or affairs, and private financial information.

57.   The conduct of these DEFENDANTS and their agents, in engaging in the above-described illegal collection conduct against PLAINTIFF, resulted in multiple intrusions and invasions of privacy by these DEFENDANTS which occurred in a way that would be highly offensive to a reasonable person in that position.

58.   As a result of such intrusions and invasions of privacy, PLAINTIFF is entitled to actual damages, punitive damages, costs and reasonable attorney fees in an amount to be determined at trial from each and every Defendant.

## VI

## THIRD CAUSE OF ACTION

### (ELDER ABUSE, CALIFORNIA WELFARE AND INSTITUTIONS CODE SECTION 15657.5 and 15610.30, against all Defendants)

Jones v. Barclays

59. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. At all times mentioned herein and at the time of the acts alleged herein the PLAINTIFF is and was an "elder" at all times mentioned herein as that term is defined by the California Welfare and Institutions Code Section 15610.27.

61. At all times mentioned herein, DEFENDANTS knew that the PLAINTIFF was 68 years old.

62. California Welfare & Institutions Code section 15610.30 provides

> " 'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following:
>
> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. ...
> (b) A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult."

63. BPLC kept PLAINTIFF's payments even after PLAINTIFF notified BPLC that her account was fraudulent. BPLC did not return her payments and

BPLC kept accepting payments after BPLC was notified that this account was fraudulent.

64.    California Welfare & Institutions Code section 15657.5 provides:

"(a) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs. The term "costs" includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article.

65.    As a direct and proximate result of the acts of Defendants and each of them in wrongfully taking, retaining and secreting the payments made by the PLAINTIFF as alleged herein, the PLAINTIFF has suffered actual and compensatory damages in the form of severed and extreme emotional distress and all the other damages listed above.   As a further direct and proximate result of the Defendants wrongful retention of Plaintiff's money Plaintiff has incurred attorney fees and costs that Defendants are obligated to pay.

**WHEREFORE,** PLAINTIFF prays that judgment be entered against DEFENDANTS for:

### FIRST CAUSE OF ACTION

1.      An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;

2.      An award of actual damages from Defendants for Plaintiff

3.      An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

### SECOND CAUSE OF ACTION

1. For an award of actual damages against each and every Defendant and for each PLAINTIFF;

2. For an award of emotional distress damages against each and every Defendant and for each PLAINTIFF;

3. For an award of punitive damages against each and every Defendant and for each PLAINTIFF;

### THIRD CAUSE OF ACTION

1. For an award of actual damages, all compensatory damages against each and every Defendant and for each Plaintiff;

Jones v. Barclays

19

2. For an award of consequential damages against each and every Defendant for each Plaintiff.

3. For an award of emotional distress damages against each and every Defendant and for each Plaintiff;

4. For an award of restitution.

5. For an award of punitive damages against each and every Defendant and for each Plaintiff;

6. Treble damages

7. For an award of attorney's fees and costs.


Dated: 4/24/2016                    By:   /s/Jeffery R. Menard__
                                    Jeffery R. Menard,
                                    attorney for PLAINTIFF

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jeffery R. Menard (SBN 248508)
325 7th Ave.
Suite 1706
San Diego, CA 92101
TELEPHONE NO: 858-869-9529    FAX NO: 858-605-6170
ATTORNEY FOR (Name): Adriana Jones

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Civil

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/25/2016** at 08:00:00 AM

Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

CASE NAME:
Jones v. Barclays Bank

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2016-00013421-CU-NP-CTL |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE  Judge Eddie C Sturgeon  DEPT |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [✓] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): 3

5. This case [ ] is [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 4/24/2016

Jeffery R. Menard
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BARCLAYS BANK DELAWARE (DBA BARCLAYCARD) and
DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADRIANA JONES

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **04/25/2016** at 08:00:00 AM |
| Clerk of the Superior Court |
| By Jessica Pascual, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):*  Superior Court of California, | *(Número del Caso):* |
| County of San Diego, Civil Division | 37-2016-00013421-CU-NP-CTL |
| 330 West Broadway, San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeffery R. Menard, 325 7th Ave., STE 1706 San Diego, CA 92101, 858-869-9529

| DATE: 04/25/2016 | Clerk, by | *J. Pascual* | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | J. Pascual | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | |
| --- | --- |
| [SEAL] | |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7067 | |

PLAINTIFF(S) / PETITIONER(S):   Adriana Jones

DEFENDANT(S) / RESPONDENT(S):   Barclays Bank Delaware

JONES VS BARCLAYS BANK DELAWARE [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2016-00013421-CU-NP-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Eddie C Sturgeon                                              Department: C-67

**COMPLAINT/PETITION FILED:** 04/25/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/16/2016 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00013421-CU-NP-CTL        CASE TITLE: Jones vs Barclays Bank Delaware [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | | FOR COURT USE ONLY |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | | |

STREET ADDRESS:          330 West Broadway

MAILING ADDRESS:        330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827

BRANCH NAME:            Central

PLAINTIFF(S):   Adriana Jones

DEFENDANT(S):  Barclays Bank Delaware DBA Barclaycard

SHORT TITLE:    JONES VS BARCLAYS BANK DELAWARE [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2016-00013421-CU-NP-CTL |
|---|---|

Judge: Eddie C Sturgeon                                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____

Name of Plaintiff                                  Name of Defendant

_____          _____

Signature                                          Signature

_____          _____

Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____          _____

Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  04/25/2016                                _____

                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1